IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY IFESINACHI EZEANI,

      Plaintiff,

v.                                                                                                    No. 1:23-cv-00325-DLM

LUIS RODOLFO GARCIA CARRILLO,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
## AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's: (i) Complaint, filed April 13, 2023 (Doc. 1); (ii) Short Form Application to proceed *in forma pauperis*, filed April 13, 2023 (Doc. 3); (iii) Motion for Constitutional Violations, filed April 14, 2023 (Doc. 4); and (iv) Long Form Application to proceed *in forma pauperis*, filed May 1, 2023 (Doc. 7).

**I.**    **Applications to Proceed *in forma pauperis***

Plaintiff originally filed an Application to Proceed in District Court Without Prepaying Fees and Costs (Short Form). (*See* Doc. 3.) The Court notified Plaintiff that the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees and ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form). (*See* Doc. 6.) Plaintiff subsequently filed an Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form). (*See* Doc. 7.)

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $0.00; (ii) Plaintiff's monthly expenses total $0.00; (iii) Plaintiff has $0.00 in cash, $20.00 in a bank account and negative balances on two credit cards; and (iv) Plaintiff is an unemployed graduate student. The Court finds Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and he has no monthly income.

Because it is granting Plaintiff's Long Form Application to proceed *in forma pauperis*, the Court denies Plaintiff's Short Form Application to proceed *in forma pauperis* as moot.

**II.     The Complaint**

Plaintiff, who was a student at New Mexico State University (NMSU), asserts due process

and other claims against Defendant, who is a professor at NMSU. (*See.* Doc. 1.) Plaintiff alleges that Defendant: (i) violated NMSU rules regarding materials and textbooks, transparency and ethics; (ii) gave Plaintiff a failing grade in Defendant's class, which prevented Plaintiff from graduating; (iii) "refused to answer to the student appeal." (*Id.* at 4–5 (stating "Plaintiff was subject to unlawful academic probation without due process").)

The Complaint fails to state a claim for constitutional violations pursuant to 42 U.S.C. § 1983. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnt.y Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint contains conclusory allegations that Defendant violated NMSU rules and violated Plaintiff's right to due process. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

There are no factual allegations in the Complaint explaining the process due to Plaintiff, whether Plaintiff was provided notice and a hearing, or the protected interest which Plaintiff alleges Defendant allegedly deprived Plaintiff. "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016) (quoting *Hyde Park Co. v. Santa Fe City*

3

*Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)). "The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing." *Id.* (quoting *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007)); *see also Denver Homeless Out Loud v. Denver, Colo.*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"). Nor are there any factual allegations regarding Defendant's conduct other than that Defendant "improperly failed the plaintiff out of wickedness which stop[ped] the Plaintiff from graduation with Master of Electrical Engineering last Fall 2022." (Doc. 1 at 4.) While Plaintiff asserts many facts in his Motion for Constitutional Violations, the Court will not review the Motion to determine whether Plaintiff has a plausible claim for relief. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

### III. Motion for Constitutional Violations

Plaintiff filed a 16-page Motion for Constitutional Violations with 109 pages of exhibits alleging facts that form the basis for his Complaint and asks the Court to determine that that Defendant violated Plaintiff's due process rights, to "delet[e] the F Grade awarded by the defendant," and to award monetary damages. (Doc. 4 at 14–15.) This motion is essentially a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff has not shown the absence of a genuine dispute as to the material facts and that he is entitled to judgment as a matter of law, nor can he at this time, because

with Defendant yet to be served, there has been no discovery in this case. The Court denies Plaintiff's Motion for Constitutional Violations without prejudice.

## IV.    Proceeding *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint. If Plaintiff files an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

## V.    Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*.]" 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff: (i) files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**VI.     Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**VII.    Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

(i)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 7) is **GRANTED**;

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 3) is **DENIED as moot**;

(iii) Plaintiff's Motion Against Constitutional Right Violation of 5th, 8th and 14th Amendment Right by New Mexico State University Assistant Professor (Dr. Garcia Carrillo) (Doc. 4) is **DENIED without prejudice**;

(iv) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE