# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GREGORY IFESINACHI EZEANI,

      Plaintiff,

v.                                 No. 2:23-cv-00325-MIS-DLM

LUIS RODOLFO GARCIA CARRILLO,
DAVID V. JAUREGUI, and
PHAME CAMARENA,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se* and who was a student at New Mexico State University ("NMSU"), asserted due process claims against Defendant Garcia Carrillo, who is a professor at NMSU. *See* Complaint, Doc. 1, filed April 13, 2023. Plaintiff alleged that Defendant: (i) violated NMSU rules regarding materials and textbooks, transparency and ethics; (ii) gave Plaintiff a failing grade in Defendant's class which prevented Plaintiff from graduating; and (iii) "refused to answer to the student appeal." Complaint at 4-5 (stating "Plaintiff was subject to unlawful academic probation without due process").

United States Magistrate Judge Damian L. Martinez notified Plaintiff that:

> The Complaint fails to state a claim for constitutional violations pursuant to 42 U. S.C. § 1983. [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint contains conclusory allegations that Defendant violated NMSU rules and violated Plaintiff's right to due process. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

There are no factual allegations in the Complaint explaining the process due to Plaintiff, whether Plaintiff was provided notice and a hearing, or the protected interest which Plaintiff alleges Defendant allegedly deprived Plaintiff:

> "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park*, 226 F.3d at 1210.
> . . .
> "The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing." *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) (internal quotation marks omitted).

> *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016); *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").  Nor are there any factual allegations regarding Defendant's conduct other than Defendant "improperly failed the plaintiff out of wickedness which stop[ped] the Plaintiff from graduation with Master of Electrical Engineering last Fall 2022."  Complaint at 4.

Order at 3-4, Doc. 8, filed May 4, 2023.  Judge Martinez ordered Plaintiff to file an amended complaint.

Plaintiff's Amended Complaint adds NMSU Associate Dean of Academics David V. Jauregui and NMSU Interim Dean of the Graduate School Phame Camarena as Defendants and asserts claims pursuant to the Fifth Amendment "right to due process to NMSU law determination," the Eighth Amendment "right to NMSU Rule," and the Fourteenth Amendment "right to NMSU Rule."  Amended Complaint at 3, Doc. 9, filed May 15, 2023.  The only factual allegations in the Amended Complaint state:

> Dr. Luis Garcia failed to provide academic supplies, refuse[d] to provide distribution of mark of his project grades for proper transparency and the professor penalized the student for not using supply that he did not provide.  This action of the professor violated NMSU Rule 4.41, 5.40 & 3.0. Dr. David Jauregui on appeal

did not follow the university rule in his decision.  Dr. Phame on final appeal refuse[d] to follow NMSU rule in making final decision.  All this action violates the graduate student due process right to NMSU law.

Amended Complaint at 4.  Plaintiff seeks the following relief:

1.  Compensatory financial compensation of $20,000 worth of legal damage because Dr. Garcia improperly failed the plaintiff out of wickedness which stop[ped] the plaintiff from graduation with a master of electrical engineering last fall 2022.

2. The plaintiff request[ed] [] deletion of the F grade given by the Dr. Luis because due process was violated.  The professor refuse[d] to provide transparency to student appeal to provide mark distribution.

3. The plaintiff was subjected to unlawful academic probation without due process which continue to incur[] emotional pain and suffering.  Also, Plaintiff incur[r]ed other academic expenses.

Amended Complaint at 4-5.

The Amended Complaint fails to state a due process claim because it does not identify a protected property interest to which due process protections apply.  There are no factual allegations that Plaintiff's class grade is a protected property interest.  Nor are there any factual allegations that Plaintiff has a protected property interest in remaining off academic probation; the Amended Complaint does not describe the criteria for placing students on academic probation or the consequences of being placed on academic probation.

The Amended Complaint also does not contain factual allegations describing the process due to Plaintiff and showing Plaintiff was not afforded the process due.  The Amended Complaint makes conclusory allegations that Defendants violated or did not follow NMSU rules but does not contain factual allegations regarding what those rules require and how Defendants violated those rules.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").  The Amended Complaint indicates that Plaintiff was heard "on appeal."  *See Moore v. Bd. of Cty.*

*Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing").  However, because the Amended Complaint does not describe the rule(s) that Defendants allegedly did not follow or the appeal process that Defendants provided, the Amended Complaint fails to allege sufficient facts showing that Defendants did not provide an appropriate level of process during Plaintiff's appeal.  *See Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (regarding a claim's facial plausibility, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Plaintiff's assertion of a "violation of eight[h] amendment constitutional right to NMSU rule" also fails to state a claim.  Amended Complaint at 3.  The Eighth Amendment, which prohibits the infliction of cruel and unusual punishments, "applies to those who have been convicted of crime."  *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019).  There are no factual allegations in the Amended Complaint that Plaintiff was convicted of a crime.

The Court concludes that the Amended Complaint fails to state a claim.  Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  The Court dismisses this case because the Amended Complaint fails to state a claim.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE